IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 1:19CR504-1 |
| ANTHONY THOMAS HARRELSON | : | |

The Grand Jury charges:

## COUNT ONE

1. At all times material herein, APMEX, Inc., was in the business of selling gold coins and other precious metals with an office and place of business in Oklahoma City, Oklahoma.

2. At all times material herein, U.S. Bank, N.A., was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Company.

3. At all times material herein, U.S. Bank, N.A., offered credit and debit card services to both individuals and businesses throughout the United States. U.S. Bank, N.A., maintained centralized computer servers for the purpose of processing U.S. Bank, N.A., credit and debit card transactions from throughout the United States and centralized call centers to handle questions and complaints from U.S. Bank, N.A., cardholders.

4. At all times material herein, U.S. Bank, N.A., maintained credit and debit card call centers in the States of North Dakota, Idaho, Kansas, and Colorado. U.S. Bank, N.A., did not maintain any credit or debit card call centers in the State of North Carolina at any time material to this Indictment.

5. At all times material herein, Caster Works, Inc., was a corporation organized under the laws of the state of North Carolina with an office and place of business in Archdale, Randolph County, North Carolina. Caster Works, Inc., operated as a manufacturer of casters and wheels for furniture.

6. At all times material herein, ANTHONY THOMAS HARRELSON was a resident of Sophia, Randolph County, North Carolina, and the owner of Caster Works, Inc.

7. On or about March 3, 2018, ANTHONY THOMAS HARRELSON applied for a U.S. Bank, N.A., business credit card in the name of Caster Works, Inc. U.S. Bank, N.A., subsequently issued a business credit card in the name of Caster Works, Inc., account number ending in 5741.

8. At all times material herein, ANTHONY THOMAS HARRELSON had possession and made use of the Caster Works, Inc., U.S. Bank, N.A., credit card for personal purchases of merchandise, food, travel, and services.

9. From on or about November 27, 2018, continuing up to and including on or about May 7, 2019, in the County of Randolph, in the Middle District of North Carolina, and elsewhere, ANTHONY THOMAS

2

HARRELSON did devise and intend to devise a scheme and artifice to defraud U.S. Bank, N.A., and APMEX, Inc., of money, goods, and services by means of materially false and fraudulent pretenses, representations, and promises, that is, in the approximate amount of $8,491.62 in money and in gold and silver coins by ordering and purchasing such coins in interstate commerce for the amount of $8,491.62 from APMEX, Inc., in Oklahoma City, Oklahoma, using the U.S. Bank, N.A., Caster Works, Inc., business credit card, directing that the coins be delivered to the office and place of business of Caster Works, Inc., receiving such coins and then falsely obtaining a refund from U.S. Bank, N.A., by claiming that the coins had not been received, all with the intent to obtain a refund of $8,491.62 from U.S. Bank, N.A., while fraudulently retaining the gold and silver coins received from APMEX, Inc.

## METHOD AND MEANS

10. It was part of the scheme and artifice to defraud that on or about November 26, 2018, ANTHONY THOMAS HARRELSON placed an online order with APMEX, Inc., for $8,491.62 in gold and silver coins making use of the Caster Works, Inc., U.S. Bank, N.A., business credit card account number ending in 5741 to pay for the purchase.

11. It was a further part of the scheme and artifice to defraud that on or about November 27, 2018, ANTHONY THOMAS HARRELSON called the offices of APMEX, Inc., in Oklahoma City, Oklahoma, to direct that the

3

delivery of the gold and silver coins be made to the office of Caster Works, Inc., in Archdale, Randolph County, North Carolina. APMEX, Inc., complied with the instructions of ANTHONY THOMAS HARRELSON and shipped the gold and silver coins to the office of Caster Works, Inc., in Archdale, Randolph County, North Carolina, by United Parcel Service.

12. It was a further part of the scheme and artifice to defraud that an employee of Caster Works, Inc., whose initials are K.B. received and signed for the shipment of gold and silver coins from APMEX, Inc., and informed ANTHONY THOMAS HARRELSON of the delivery of the coins.

13. It was a further part of the scheme and artifice to defraud that ANTHONY THOMAS HARRELSON called by telephone from Sophia, North Carolina, to a U.S. Bank, N.A., call center outside of the State of North Carolina and falsely represented that the United States Postal Service had attempted to deliver the shipment of gold and silver coins to his home address, and then returned the coins to APMEX, Inc., and that therefore ANTHONY THOMAS HARRELSON was entitled to a refund on the Caster Works, Inc., U.S. Bank, N.A., credit card ending in 5741 due to the fact that he had not received the shipment of coins and they had been returned to APMEX, Inc., when in fact, as ANTHONY THOMAS HARRELSON then well knew, he had directed the coins be shipped to Caster Works, Inc., the coins had been

4

delivered by United Parcel Service, and the coins had been received and not returned.

## EXECUTION

14. On or about December 3, 2018, in the County of Randolph, in the Middle District of North Carolina, ANTHONY THOMAS HARRELSON, for the purpose of attempting to execute the aforesaid scheme and artifice to defraud, and attempting to do so, knowingly caused to be delivered by United States Mail and interstate commercial carrier according to the directions therein, a package addressed to ANTHONY THOMAS HARRELSON, at Caster Works, Inc., 2407 Surrett Drive, Archdale, North Carolina, containing a shipment of gold and silver coins valued at $8,491.16, obtained and purchased by ANTHONY THOMAS HARRELSON, using a U.S. Bank, N.A., business credit card account number ending in 5741 in the name of Caster Works, Inc.

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWO

1. The Grand Jury realleges and incorporates paragraphs 1 through 13 of Count One as if fully set forth herein.

2. On or about March 29, 2019, in the County of Randolph, in the Middle District of North Carolina, ANTHONY THOMAS HARRELSON, while on release pending sentencing pursuant to an order of the United States

5

District Court for the Middle District of North Carolina, dated on or about December 6, 2018, issued pursuant to Title 18, United States Code, Section 3142, in the matter of *United States v. Anthony Wayne Harrelson*, 1:18-cr-00450-NCT-1 (MDNC), for the purpose of executing and attempting to execute a scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate commerce from Sophia, North Carolina, to the offices of U.S. Bank, N.A., in Saint Louis, Missouri, certain writings, signs, signals, and sounds, that is, a telephone call and communication in which ANTHONY THOMAS HARRELSON materially and falsely represented to U.S. Bank, N.A., that he had not received $8,491.62 in gold and silver coins purchased from APMEX, Inc., using a Caster Works, Inc., U.S. Bank, N.A., business credit card account ending in 5741, and that he was entitled to a refund in the amount of $8,491.62, when in fact, as ANTHONY THOMAS HARRELSON then well knew, he had received and had possession of the gold and silver coins and sought to fraudulently obtain and convert to his own use the amount of $8,491.62 while retaining possession of the coins; in violation of Title 18, United States Code, Sections 1343 and 2 and 3147.

## FORFEITURE ALLEGATION

1. The factual allegations contained in this Indictment are hereby alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(2).

2. Upon conviction of any of the offenses alleged above, the defendant, ANTHONY THOMAS HARRELSON, shall forfeit to the United States, any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to, or obtained directly or indirectly as a result of, such offense.

3. The property to be forfeited may include the following:

   a. (5) 1oz. Gold American Eagle BU Coins; and

   b. (1) American Eagle Mini Monster Box containing 100 Silver Coins.

4. If any of the property described above as being subject to forfeiture as a result of any act or omission of the defendant cannot be located upon the exercise of due diligence, has been transferred or sold to or deposited with a third person, has been placed beyond the jurisdiction of the Court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

All in accordance with Title 18, United States Code, Section 982(a)(2), Rule 32.2, Federal Rules of Criminal Procedure, and Title 28, United States Code, Section 2461(c).

DATED: September 30, 2019

MATTHEW G.T. MARTIN
United States Attorney

BY: FRANK J. CHUT, JR.
Assistant United States Attorney

A TRUE BILL:

████████████
FOREPERSON